08-4123-ag
Okombi v. Holder

BIA
Abrams IJ
A 097 976 840

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of January, two thousand ten.

**PRESENT:**

> **DENNIS JACOBS,**
> *Chief Judge,*
> **ROGER J. MINER,**
> **GERARD E. LYNCH,**
> *Circuit Judges.*

———————————————————————

**ELISABETH OKOMBI,**
> *Petitioner,*

> **v.**                                    08-4123-ag
>                                          **NAC**

**ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,**[*]
> *Respondent.*

———————————————————————

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR PETITIONER:** *Pro se.*

**FOR RESPONDENT:** Tony West, Assistant Attorney General; Terri J. Scadron, Assistant Director; Kristina R. Sracic, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Elisabeth Okombi, a native and citizen of the Democratic Republic of the Congo, seeks review of a July 23, 2008 order of the BIA affirming the October 16, 2006 decision of Immigration Judge ("IJ") Steven R. Abrams denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Elisabeth Okombi,* No. A 097 976 840 (B.I.A. July 23, 2008), *aff'g* No. A 097 976 840 (Immig. Ct. N.Y. City Oct. 16, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See*

8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

As a preliminary matter, we are without jurisdiction to consider Okombi's challenge to the agency's determination that her application for asylum was time-barred. 8 U.S.C. § 1158(a)(3) ("No Court shall have jurisdiction to review any determination of the Attorney General under paragraph (2)."); *see also Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 104 (2d Cir. 2006). While we retain jurisdiction to consider "constitutional claims or questions of law," *see* 8 U.S.C. § 1252(a)(2)(D), Okombi's brief raises no such claims.

Substantial evidence supports the agency's denial of Okombi's claim for withholding of removal. The IJ found that, even assuming she suffered past persecution, she did not have an objectively reasonable fear of future persecution because the civil war in Congo is over and the group that allegedly persecuted her, the Cobras, no longer exists. The IJ also found that the current Congolese government gained power "through a democratic process of being elected," and found "nothing indicating here that they would be attacking her ethnic group or attacking [her] political organization." Even construing her *pro se* brief broadly, Okombi does not challenge any of these findings.

3

She asserts only that she should have been granted withholding of removal because of past persecution. Accordingly, we have no basis upon which to disturb the agency's burden of proof finding, and need not reach its credibility determination. Okombi also does not challenge the agency's denial of her application for CAT relief.

Finally, Okombi argues that: (1) she was denied a fair hearing due to repeated translation problems; and (2) the IJ erred in denying her motion for a continuance so that she could be examined by a doctor. However, we decline to consider these unexhausted arguments. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4